FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

'16 OCT 28 AM 11:00

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

CASE NO.

MICHELE LANDAU,

     Plaintiff,

3:16 CV 1356 J-20 PDB

v.

NORTHLAND GROUP, INC., and
CAPITAL ONE BANK (USA), N.A.

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    Plaintiff, Michele Landau ("Plaintiff") brings this action against Defendants Northland Group, Inc. ("Northland") and Capital One Bank (USA), N.A. ("Capital One") (collectively "Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION, VENUE, AND STANDING

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendants transact business in this district.

4.    "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540,

1

1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)) (holding that consumer "has alleged a sufficiently concrete injury because he alleges that [the defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.      "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8.      "The FDCPA protects debtors from abusive debt collection practices by, *inter alia*, regulating the content of written communications between debt collectors and debtors." *Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.*, 950 F. Supp. 2d 1271, 1273 (S.D. Fla. 2013) (citing 15 U.S.C. § 1692g(a)).

9.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt including "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(3).

10.     "Although 'there is no requirement in the FDCPA that a debt collector quote the statute's language verbatim,' a debt collector violates the FDCPA if a debt collection notice would mislead the 'least-sophisticated consumer.'" *Iyamu*, 950 F. Supp. 2d at 1273  (quoting *Orr v. Westport Recovery Corp.*, No. 12–CV–187, 941 F.Supp.2d 1377, 1382, 2013 WL 1729578, at *5– 6 (N.D. Ga. April 16, 2013)); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

11.     "Consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.' The 'least sophisticated consumer' standard advances this purpose, and we will not abandon it lightly." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1276 (11th Cir. 2016) (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172–73 (11th Cir. 1985)).

12.     In order to best protect consumers and further the interests of the Act, the FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

13.     "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

14.     Similar to the FDCPA, "the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

15.     "The FCCPA is a laudable legislative attempt to curb what the legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Id.* (quoting 10A FLA. JUR.2D CONSUMER § 138 (2010)).

16.     But unlike the FDCPA, "the FCCPA is not restricted to debt collectors, as Fla. Stat. § 559.72(7) specifically provides that 'in collecting consumer debts, *no person shall . . .*' engage in the prohibited collection practices delineated in the statute." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1372 (S.D. Fla. 2011) (emphasis in original); *see also Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 (Fla. 4th DCA 2002) (recognizing the FCCPA "is not restricted to debt collectors" as it "mandates that no person shall engage in certain practices in collecting consumer claims whether licensed by the division or not").

17.     Among its strictures, the FCCPA makes it unlawful for any person engaging in consumer debt collection to "[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt." Fla. Stat. § 559.72(18).

18.     The FCCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.55(5).

19.     Therefore, if a person retains a third party to engage in collection on their behalf, they are engaging in an indirect communication with the consumer. *See* Fla. Stat. § 559.55(5).

20.     Once a person obtains knowledge that a consumer is represented by counsel, the FCCPA prohibits them "from setting into motion debt collection communications," whether they

are delivered directly from the person to the consumer, or if they use a third party to engage in collection on their behalf. *Kelliher v. Target Nat. Bank*, 826 F. Supp. 2d 1324, 1330 (M.D. Fla. 2011).

## PARTIES

21.     Plaintiff is a natural person who at all relevant times resided in the state of Florida, County of Flagler and City of Palm Coast.

22.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

23.     Northland is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

24.     Northland is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.     Capital One is a financial institution, and is a "person" subject to the FCCPA.

## FACTUAL ALLEGATIONS

26.     Plaintiff is a natural person allegedly obligated to pay a debt.

27.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Kohl's credit card account (the "Debt").

28.     Capital One is the issuer and owner of Plaintiff's Debt.

29.     Capital One relies on Kohl's Department Stores, Inc. ("Kohl's") to service the Debt and engage in collection of the Debt on its behalf.

30.     On July 9, 2014, Plaintiff's attorney mailed a letter to Capital One, via certified mail, informing Capital One that Plaintiff was represented by an attorney with respect to the Debt.

31.     A true and accurate copy of the July 9, 2014 letter to Capital One is attached to this complaint as Exhibit A.

32.     Upon receipt of the letter, Capital One knew or should have known that Plaintiff was represented by counsel with respect to the Debt.

33.     The July 9, 2014 letter also states that Capital One should not contact Plaintiff directly for any reason, but instead direct all communications to her counsel.

34.     The letter further instructs Capital One to inform any agent or assignee to whom it may have forwarded Plaintiff's Debt of the representation.

35.     However, upon information and belief, Capital One did not inform Kohl's of the July 14, 2014 letter or otherwise communicate to Kohl's that Plaintiff was represented by counsel with respect to the Debt.

36.     On October 27, 2015, Kohl's, on behalf of itself and Capital One, hired Northland to engage in collection of the Debt from Plaintiff.

37.     Northland uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

38.     In connection with the collection of the alleged Debt, Northland sent Plaintiff a letter dated October 31, 2015.

39.     A true and correct copy of Northland's October 31, 2015 letter is attached to this complaint as Exhibit B.

40.     Northland sent the October 31, 2015 letter directly to Plaintiff and not to her counsel.

41.     Neither Plaintiff nor her counsel provided Northland, Kohl's, or Capital One with express consent to communicate directly with Plaintiff.

42.     Northland did not attempt to communicate with Plaintiff's counsel prior to sending the October 32, 2015 letter to Plaintiff.

43.     Upon information and belief, Northland did not know that Plaintiff was represented by counsel, because neither Capital One nor Kohl's informed Northland that Plaintiff was represented by counsel.

44.     The October 31, 2015 letter was Northland's initial communication with Plaintiff with respect to the Debt.

45.     Although not a requirement under the FDCPA, Northland's October 31, 2015 letter identifies the original creditor of the debt by stating: "Original Creditor: Kohl's Dept. Stores, Inc./Capital One, N.A." Exhibit B.

46.     The October 31, 2015 letter also stated: "On 10/27/15 Kohl's Dept. Stores, Inc./Capital One, N.A. authorized Northland Group, Inc., to collect this debt on their behalf." Exhibit B.

47.     By identifying "Kohl's Dept. Stores, Inc./Capital One, N.A." as the original creditor, the least sophisticated consumer would be confused whether one or both of these companies was the original creditor.

48.     That is, the consumer may think Kohl's was the original creditor, or the consumer may think that Capital One was the original creditor, or the consumer may just as reasonably think that both companies jointly owned the account as the original creditor.

49.     At least one of these interpretations is necessarily inaccurate.

50.     Furthermore, the October 31, 2015 letter does not identify who the current creditor of the Debt is—only the original creditor.

51.     However, the FDCPA requires the debt collector to meaningfully disclose the identity of the current creditor to whom the Debt is owed in its initial communication with the consumer. 15 U.S.C. § 1692g(a)(2).

52.     The least sophisticated consumer may think that Northland is the current creditor, or that Kohl's is the current creditor, or that Capital One is the current creditor, or that both Kohl's and Capital One jointly are the current creditor, or the consumer may just as reasonably think that current creditor is not identified anywhere in the October 31, 2015 letter.

53.     Because one of these interpretations is necessarily inaccurate, the October 31, 2015 letter is deceptive as a matter of law.

54.     In addition, Northland's October 31, 2015 letter does not meaningfully convey the identity of the creditor to whom the Debt is owed, as required under 15 U.S.C. § 1692g(a)(2).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)
## NORTHLAND

55.     Plaintiff repeats and re-alleges each and every factual allegation above.

56.     Northland violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the Debt is owed in its initial communication with Plaintiff or in writing within five days thereafter, including by merely stating that the original creditor was "Kohl's Dept. Stores, Inc./Capital One, N.A." without identifying the current creditor of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Northland violated 15 U.S.C. § 1692g(a)(2);

   b)  Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

8

c) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e**
**NORTHLAND**

57.     Plaintiff repeats and re-alleges each and every factual allegation above.

58.     Northland violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by misleading Plaintiff as to the possible identity of the original creditor, and as to the possible identity of the current creditor to whom the Debt was owed in its October 31, 2015 letter, where the consumer may reasonably believe any of several reasonable interpretations, at least one of which is necessarily inaccurate.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Northland violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

c) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF FLA. STAT. § 559.72(18)**
**CAPITAL ONE**

59.　Plaintiff repeats and re-alleges each and every factual allegation above.

60.　Capital One violated Fla. Stat. § 559.72(18) by communicating with Plaintiff when it knew that Plaintiff was represented by an attorney with respect to the Debt and had knowledge of, or could readily ascertain, such attorney's name and address, including by causing indirect communication with Plaintiff after receiving actual knowledge of representation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Capital One violated Fla. Stat. § 559.72(18);

b) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Capital One from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

61.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 26, 2016.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206